# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

KATHY H. PORTER,
      Appellant,

      v.

UNITED STATES POSTAL SERVICE,
      Agency.

DOCKET NUMBER
CH-0752-17-0010-C-1

DATE: February 1, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Kathy H. Porter, Rochester, Kentucky, pro se.

Thao Pham, St. Louis, Missouri, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## ORDER

The appellant has filed a petition for review of the compliance initial decision, which granted in part and denied in part her petition for enforcement. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the compliance initial decision.

In an April 28, 2017 initial decision that became the final decision of the Board after neither party filed a petition for review, the administrative judge found the appellant's retirement to be involuntary and ordered the agency to reverse her separation and to restore her effective October 1, 2014. *Porter v. U.S. Postal Service*, MSPB Docket No. CH-0752-17-0010-I-1, Initial Decision (Apr. 28, 2017). The administrative judge also ordered the agency to pay the appellant "the appropriate amount of back pay, with interest[,] and to adjust benefits with appropriate credits and deductions as required by Postal Service regulations no later than 60 calendar days after the date of the final decision of the Board." *Id.* On October 10, 2017, the agency sent the appellant a letter of compliance indicating the following: (1) on or about May 27, 2017, the agency placed the appellant in a Part-Time Flexible (PTF) Sales, Service Distribution Associate position at the hourly rate of $29.42 with an effective date of September 30, 2014; (2) the agency calculated her gross back pay to be $100,918.64 and her adjusted gross back pay after wage offsets to be $29,657.25; (3) on July 17, 2017, she received a back pay check (after deductions and taxes) in the amount of $1,440.52; (4) on August 16, 2017, the appellant received the interest on her back pay in the amount of $1,738.36; and (5) as of August 2017, the agency restored the appellant's sick and annual leave. *Porter v. U.S. Postal*

*Service*, MSPB Docket No. CH-0752-17-0010-C-1, Compliance File (CF), Tab 1 at 14, 16.

On November 13, 2017, the appellant filed a petition for enforcement alleging that the agency was not in compliance with the Board's final order because it did not fully restore her annual leave, improperly deducted a Pay for Performance (PFP) bonus and union dues from her back pay, failed to correctly calculate the interest on her back pay, failed to file the proper forms with the Office of Personnel Management (OPM) to allow her to recover insurance premiums deducted from her annuity while she was retired, and overcharged her for insurance premiums from January 2016 through present. *Id.* at 2. In response, the agency asserted that it had complied with the Board's order as indicated in its October 10, 2017 compliance letter and provided documents demonstrating its efforts to calculate and provide the appellant the back pay and benefits to which she was entitled. CF, Tab 3. After the administrative judge issued a close of record order, the parties submitted closing briefs reiterating their respective positions. CF, Tabs 6, 8-9. In a compliance initial decision based on the written record, the administrative judge granted, in part, and denied, in part, the appellant's petition for enforcement. CF, Tab 15, Compliance Initial Decision (CID).

The appellant has filed a petition for review of the compliance initial decision, asking the Board for review without identifying any particular error by the administrative judge. Compliance Petition for Review (CPFR) File, Tab 1. The agency has not responded.

## ANALYSIS

When the Board finds a personnel action unwarranted, the aim is to place the appellant, as nearly as possible, in the situation she would have been in had the wrongful personnel action not occurred. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011); *King v. Department of the Navy*,

100 M.S.P.R. 116, ¶ 12 (2005), *aff'd per curiam*, 167 F. App'x 191 (Fed. Cir. 2006).  The agency bears the burden to prove compliance with the Board's order by a preponderance of the evidence.[2]  *Vaughan*, 116 M.S.P.R. 319, ¶ 5; 5 C.F.R. § 1201.183(d).  An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence.  *Vaughan*, 116 M.S.P.R. 319, ¶ 5.  The appellant may rebut the agency's evidence of compliance by making specific, nonconclusory, and supported assertions of continued noncompliance.  *Id.*

As noted above, the administrative judge granted, in part, the appellant's petition for enforcement.  In particular, he found that the agency was not in compliance with the Board's order to the extent that it deducted her 2014 PFP bonus and union dues from her back pay.  CID at 10-13.  Although the administrative judge found that the agency used the proper method to calculate the interest owed on the appellant's back pay, he found that the agency did not pay the proper amount of interest due to its improper deduction of the PFP bonus and union dues.  CID at 14-15.  In addition, he observed that, although there was no dispute as to her placement in the Sales, Service Distribution Associate position, there was a dispute as to the effective date of her placement in that position.  CID at 3 n.2.  Accordingly, he ordered the agency to pay the appellant the appropriate amount of back pay plus interest consistent with his findings, to provide her with an explanation of its updated back pay calculations, and to ensure the correct effective date of her placement in the Sales, Service Distribution Associate position.  CID at 17.  The parties have not challenged the administrative judge's findings of noncompliance, and we discern no basis to disturb them.

The administrative judge also denied, in part, the appellant's petition for enforcement, finding that she did not rebut the agency's evidence showing that it

[2] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.4(q).

restored the proper amount of annual leave to her and deducted the correct amount for health insurance premiums from her back pay. CID at 8-9, 15-17. Regarding annual leave, he agreed with the agency that the maximum amount of annual leave that could be restored as a result of corrective action for an employee like the appellant—i.e., a nonpreference-eligible, Executive and Administrative Schedule employee—was 560 hours. CID at 8-9 (citing the Employee and Labor Relations Manual §§ 436.2.d and 512.321). Thus, he found that the agency demonstrated compliance by showing that, as of September 14, 2017, the appellant had 639 hours of annual leave, which included both the annual leave restored to her as part of her back pay award as well as the leave she accrued following her restoration to duty in May 2017. CID at 9; CF, Tab 3 at 41. Although he acknowledged the appellant's frustration at not receiving all the annual leave she would have received had she not retired, he concluded that she failed to rebut the agency's evidence showing that it restored the maximum amount of annual leave to which she was entitled. CID at 9. The appellant has not specifically challenged this finding on review, CPFR File, Tab 1, and we discern no basis to disturb it.

Regarding the health insurance premiums, the record reflects that the agency deducted $13,966.02 from the appellant's back pay award for retroactive health benefits from October 1, 2014, through June 6, 2017. CID at 15; CF, Tab 3 at 11-12, 25, Tab 9 at 15. The appellant argued below that the agency should have deducted health insurance premiums at a lower rate from January 2016 through the date of her reinstatement because she changed her health insurance plan with OPM from a family plan to a "Self Plus One" in January 2016. CF, Tab 8 at 5-6. However, the administrative judge found that the appellant did not provide any evidence to establish the specific premiums she paid or when she paid them, and thus he concluded that she failed to rebut the agency's evidence of compliance. CID at 16-17. The appellant does not specifically challenge this finding on review, CPFR File, Tab 1, and we agree

with the administrative judge that the appellant has not rebutted the agency's evidence that it deducted the appropriate amount of health insurance premiums from her back pay, CF, Tab 3 at 11-12, 25, Tab 9 at 15.[3]

In light of the foregoing, we affirm the administrative judge's findings in the compliance initial decision. Outstanding issues of compliance remain with respect to the agency's payment of the 2014 PFP bonus and union dues that were improperly deducted from the appellant's back pay award, as well as the calculation of interest owed to the appellant. CID at 9-15, 17. On September 6, 2018, the agency submitted a compliance letter describing its efforts to comply with the compliance initial decision under *Porter v. U.S. Postal Service*, MSPB Docket No. CH-0752-17-0010-X-1, which is currently pending in the Board's Office of General Counsel. The appellant's petition for enforcement will therefore be referred to the Board's Office of General Counsel, and, depending on the nature of the submissions, an attorney with the Office of General Counsel may contact the parties to further discuss the compliance process. The parties are required to cooperate with that individual in good faith. Because the purpose of the proceeding is to obtain compliance, when appropriate, an Office of General Counsel attorney or paralegal may engage in ex parte communications to, among other things, better understand the evidence of compliance and/or any objections to that evidence. Thereafter, the Board will issue a final decision fully addressing the appellant's petition for review of the compliance initial decision and setting forth her further appeal rights and the right to attorney fees, if applicable.

---

[3] The administrative judge acknowledged that there were outstanding issues regarding the amount OPM reimbursed the appellant for health insurance premiums deducted from her annuity while she was retired. CID at 5, 16; CF, Tabs 10, 12-14. However, he found that any dispute regarding the reimbursement amount paid by OPM to the appellant was not relevant to the compliance at issue in this appeal and was instead a dispute between the appellant and OPM. CID at 16. Moreover, he found that the agency acted with due diligence in working with OPM to ensure the appellant was appropriately reimbursed. *Id.* We agree with these findings.

**ORDER**

The appellant may respond to the agency's September 6, 2018 submission within 20 days of the date of this Order. 5 C.F.R. § 1201.183(a)(8). If the appellant does not respond to the agency's evidence of compliance, the Board may assume that she is satisfied with the agency's actions and dismiss the petition for enforcement. The appellant's response should be filed in the compliance referral matter currently pending in the Board's Office of General Counsel, MSPB Docket No. CH-0752-17-0010-X-1. All subsequent filings should refer to MSPB Docket CH-0752-17-0010-X-1 and should be faxed to (202) 653-7130 or mailed to the following address:

Clerk of the Board
U.S. Merit Systems Protection Board
1615 M Street, N.W.
Washington, D.C. 20419

Submissions may also be made by electronic filing at the MSPB's e-Appeal site (https://e-appeal.mspb.gov) in accordance with the Board's regulation at 5 C.F.R. § 1201.14.

The agency is reminded that, if it fails to provide adequate evidence of compliance, the responsible agency official and the agency's representative may be required to appear before the Office of the General Counsel of the Merit Systems Protection Board to show cause why the Board should not impose sanctions for the agency's noncompliance in this case. 5 C.F.R. § 1201.183(a). The Board's authority to impose sanctions includes the authority to order that the responsible agency official "shall not be entitled to receive payment for service as an employee during any period that the order has not been complied with." 5 U.S.C. § 1204(e)(2)(A).

     This Order does not constitute a final order and therefore is not subject to judicial review under 5 U.S.C. § 7703(a)(1).  Upon the Board's final resolution of the remaining issues in this petition for enforcement, a final order shall be issued, which shall be subject to judicial review.

*Gina K. Grippando*

FOR THE BOARD:                 _____
                                     Gina K. Grippando
                                     Clerk of the Board

Washington, D.C.